**Chester C. WESTFALL, Petitioner—Appellant,**

v.

**Robert LAMPERT, Superintendent, Snake River Correctional Institute, Respondent—Appellee.**

No. 01–35377.

D.C. No. CV–00–03104–AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided May 21, 2002.

Before B. FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

## MEMORANDUM *

Westfall filed a petition in district court for habeas corpus relief. The petition was dismissed without prejudice for failure to exhaust state remedies. Westfall appeals, asking that exhaustion requirements be waived because the state criminal appellate process has been excessively delayed in violation of his right to due process. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision. We review the denial of a petition for writ of habeas corpus de novo. *Adams v. Peterson,* 968 F.2d 835, 843 (9th Cir.1992) (en banc).

According to *Coe v. Thurman,* 922 F.2d 528 (9th Cir.1990), the governing factors in evaluating Westfall's due process claim are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

at 531 (quoting *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)) (internal quotation marks omitted).

■ Westfall filed a notice of appeal of his state criminal conviction in March, 2000. The briefs have now been filed in that appeal, but the appeal has not been decided. It is possible that this length of delay reaches the level of a due process violation. *See, e.g., Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir.1994) ("[D]elay in adjudicating a direct criminal appeal beyond two years from the filing of the notice of appeal gives rise to a presumption that the state appellate process is ineffective.").

We need not decide that question, as Westfall's claim falters at the second *Barker* factor, reason for delay. A motion to hold the case in abeyance, filed for Westfall by his public defender, caused ten months of the approximately two-year delay in Westfall's appeal. The resulting order staying the appeal delayed proceedings while the Court of Appeals of Oregon decided, in another case involving Westfall, the constitutionality of the same search that Westfall challenged in the appeal involved in this case. There is nothing in this habeas record to rebut the usual presumption that Westfall's lawyer acted in his interest and on his behalf in requesting the stay. Much of the delay, therefore, cannot be attributed to state-caused hindrances. *Cf. Coe*, 922 F.2d at 531 (attributing "the bulk" of a four-year delay in defendant's appeal to a court reporter's slowness in filing the trial transcript and the police department's slowness in augmenting the record at the request of defendant's counsel).

■ Westfall has satisfied the third *Barker* factor, that he assert his right to a timely appeal. The fourth factor, prejudice, is broken down into the following sub-factors: "1) oppressive incarceration pending appeal; 2) anxiety and concern of the convicted party awaiting the outcome of the appeal; and 3) impairment of the convicted person's grounds for appeal or of the viability of his defense in case of retrial." *Coe*, 922 F.2d at 532. The prejudice analysis in *Coe* applies well to the facts of this case. As to the first factor, "the incarceration would be unjustified and thus oppressive were the appellate court to find [Westfall's] conviction improper. If it affirms the conviction, however, the incarceration will have been reasonable." *Id.* (citation omitted).

In regard to the second factor, Westfall has "undoubtedly experienced anxiety and concern during the protracted pendency of this appeal, but no more than any other prisoner awaiting the outcome of appeal." *Id.* (internal quotation marks omitted). *Coe*'s logic on the third factor may also be apposite to this case: if the appeal leads to a retrial, the delay "will make it more difficult for petitioner to refresh the memory of witnesses or locate new exculpatory evidence." *Id.* (quoting *Wheeler v. Kelly*, 639 F.Supp. 1374, 1381 (E.D.N.Y.1986)). The *Coe* court found these various possibilities of prejudice to be less than "fulsome," but still enough "to satisfy this fourth factor." *Coe* at 532.

Nonetheless, the balance of these four factors does not support Westfall's claim of unconstitutionally excessive delay. Too much of the delay here was caused by an affirmative action by Westfall's lawyer and, on this record, cannot be attributed to ineffective state process. After subtracting the ten-month delay caused by the abeyance, the remaining delay at least up to this point—is not excessive. As the dismissal was without prejudice, Westfall is free to file another habeas petition before conclusion of the direct appeal if there is further, unduly lengthy delay attributable to the state. *See Slack v. McDaniel*,

529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

AFFIRMED.